IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

DAVID PITTS and )
RANDY BURNETT )
    Plaintiffs, )
     )
v. )
     )
CANNON COUNTY AMBULANCE )
SVC. and )
CANNON COUNTY TENNESSEE )
    Defendants )

## COMPLAINT

1. This action for damages is brought to redress the Defendants' discrimination and retaliation against Plaintiffs' actions in support of Title VII of the Civil Rights Act of 1964, 42 U.S.C.S §2000e *et seq*. Plaintiffs engaged in protected activity by "testifying, assisting and participating in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Additionally, Plaintiffs claim Defendants actions were in contravention of T.C.A. § 4-21-301 in that they retaliated and discriminated against Plaintiffs for testifying, assisting and participating in any manner in any investigation proceeding or hearing. Further, Plaintiff Burnett was constructively discharged from employment.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court over this controversy is invoked pursuant to the provisions of 29 U.S.C. §1331 and 42 U.S.C.S §2000e *et seq*.

1

3. Plaintiffs have complied fully with all the prerequisites to jurisdiction in this Court . The Equal Employment Opportunity Commission issued a right to sue letter, to both Mr. Piits and Mr. Burnett on October 28, 2021, therefore the filing of this Complaint is timely. Further, the state claim is within the one-year statute of limitations and timely filed.

4. As the unlawful employment practices complained of herein occurred within the Middle District of Tennessee, venue lies in the Middle District under 28 U.S.C. §1391(b).

**PARTIES**

5. Plaintiff, David Pitts, hereinafter referred to as "Plaintiff Pitts", is a citizen and resident of Woodbury, Tennessee. Plaintiff is an employee and a person entitled to protection pursuant to the provisions of "employee" as defined by 42 U.S.C.S §2000e.

6. Plaintiff, Randy Burnett, hereinafter referred to as "Plaintiff Burnett", is a citizen and resident of Woodbury, Tennessee. Plaintiff is an employee and a person entitled to protection pursuant to the provisions of "employee" as defined by 42 U.S.C.S §2000e.

7. The Defendant, Cannon County Ambulance Svc., is a governmental department within Canon County Government whose principal office is located in Cannon County at 104 Alexander Drive, Woodbury, Tennessee 37190. Cannon County Ambulance Service is an "Employer" according to T.C.A. § §4-21-102 and therefore, Plaintiffs are afforded protection under the code.

8. The Defendant, Cannon County is a governmental entity with its county seat located in Woodbury, Tennessee. Cannon County is an "Employer" according to T.C.A. §4-21-102 and therefore, Plaintiffs are afforded protection under the code.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION AND PARTIES

9. On or about June 17, 2017, Diane Mooneyham and Crystal Mason filed suit against Cannon County, Tennessee, docket Number 17-cv-17. Plaintiff's alleged claims for discrimination, retaliation, harassment, retaliatory discharge/wrongful discharge and claims of intentional infliction of emotional distress. (Ex. #1; Complaint 17-cv-17)

10. Plaintiffs were both unnamed in said complaint and unnamed in the final order and decision. (Ex. #2; Order)

11. On or about February 16, 2018, a second lawsuit was filed by Lawanna Peeler, docket number 18-cv-6. Plaintiff alleged the exact same claims as in the earlier suit, in particular claims of discrimination, retaliation, harassment, retaliatory discharge/wrongful discharge and claims of intentional infliction of emotional distress. (Ex. #3; Complaint 18-cv-6)

12. Plaintiffs again, were both unnamed in the said complaint and unnamed in the final order and decision.

13. The two lawsuits were later consolidated.

## ALLEGATIONS OF PLAINTIFF PITTS

14. Plaintiff Pitts commenced employment with Cannon County, as an EMS paramedic. He worked sixteen (16) years with an excellent record and no disciplinary actions taken until he was terminated on February 1, 2021.

15. Plaintiff Pitts would state that during the pendency of the legal actions identified above (17-cv-17 and 18-cv-6), Cannon County attorneys interviewed all EMS personnel including Plaintiffs Pitts and Burnett.

16. At no time during or after the interview was Plaintiff Pitts identified as a potential wrongdoer in either of the matters.

17. On or about October 4, 2020 Plaintiff Pitts testified in court for the Defendants. He had previously been deposed in the matter.

18. On or about December 4, 2020 judgment in the matter is filed at Cannon County Courthouse. Plaintiff Pitts was not named in the final order.

19. On or about January 30, 2021, at approximately 9:30 am Director Sissom called Plaintiff Pitts and told him to expect a call from Brent Bush, County Executive, Cannon County.

20. On or about January 30, 2021, at approximately 9:45 am. Bush spoke to Plaintiff Pitts, and told him he was being terminated because of his "involvement in the lawsuit." Bush gave Plaintiff Pitts until Monday February 1, 2021 to decide to retire, resign, or be fired.

21. On February 1, 2021 Plaintiff Pitts informed Bush that he had done nothing wrong and was not a party to the lawsuit. Bush then terminated Plaintiff Pitts.

## ALLEGATIONS OF PLAINTIFF BURNETT

22. Plaintiff Burnett commenced employment with Cannon County, as an EMT paramedic. He worked thirty-seven (37) years with an excellent record and no disciplinary actions taken until he was terminated on January 30, 2021.

23. On or about August 28, 2020, Plaintiff Burnett, testified in Court for Defendants. He had previously participated in the investigation and was deposed in the matter.

24. Plaintiff Burnett was not a party to the either lawsuit.

25. On or about December 4, 2021 the judgment in the matter was filed at Cannon County Court. Plaintiff Burnett was not named in the final order.

26. On or about January 30, 2021, Director Sissom called Plaintiff Burnett and informed him to expect a call from Bush. Plaintiff would state that Bush called him shortly thereafter and stated, "Mr. Burnett, how long have you worked at the ambulance service," to which Plaintiff replied, "thirty-seven (37) years. Bush then stated, "your services are no longer needed." Bush then gave Plaintiff Burnett a choice of retire, resign or be fired.

27. On or about the evening of January 30, 2021 Plaintiff Burnett spoke with Commissioner Greg Mitchell and Commissioner Corey Davenport and neither were aware of Mr. Bush's ultimatum. Plaintiff Burnett would state that Commissioner Cory Davenport told him that the Cannon County Attorney had advised Bush not to fire Plaintiff Pitts and Plaintiff Burnett.

28. On or about January 31, 2021, Plaintiff Burnett called Bush and responded to the ultimatum that he did not want to retire, but he had no choice.

29. Plaintiff Burnett would state that he was subjected to a hostile workforce being forced to retire, resign or be fired. Plaintiff Burnett having worked dutifully for the Defendants for thirty-seven (37) years could not afford to lose retirement so he was constructively discharged by Defendants on January 31, 2021.

30. Plaintiff Burnett would aver that the actions of Bush in giving him an ultimatum to retire, resign or be terminated was constructive discharge.

# COUNT I

## UNLAWFUL BUSINESS EMPLOYMENT PRACTICES UNDER TITLE VII

31. Plaintiffs repeat, re-allege, and incorporate by reference the factual allegations of paragraphs 1 through 30 of this Complaint as if fully set forth here.

32. Plaintiff can establish a prima facie case of retaliation under 42 U.S.C. § 2000e-3, a plaintiff must establish "(1) [he] engaged in activity protected by Title VII; (2) this exercise of protected rights was known to the defendant; (3) the defendant thereafter took an adverse employment actions against the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action." *Reynolds v. Fed. Express Corp.,* No. 09-2692-STA-cgc, 2012 U.S. Dist. LEXIS 172751, at 17 (W.D. Tenn. Dec. 4, 2012). 27.

33. Plaintiffs Pitts and Burnett engaged in protected activity under 42 U.S.C. §2000e-3 by participating in an investigation and testifying at the trial in an action involving discrimination, retaliation, and sexual harassment, The activities were well-known to Defendants, shortly after engaging in protected activity, Plaintiffs were fired. Further, the temporal proximity between the testimony of both Plaintiffs to the termination is sufficient to establish causal connection.

34. Defendants proffered reasons for Plaintiffs' termination are pretextual and can be rebutted by the action and words of Mr. Bush by firing the two Plaintiffs, and then connecting their termination directly to the underlying lawsuit.

35. As a result of the intentional retaliatory acts of the Defendants, Plaintiffs have suffered and will continue to suffer grievous harm including, without limitation, monetary

damages and damages for mental anguish and humiliation, unless and until this Court grants relief.

## COUNT II

### Violation of the anti-Retaliation Clause of T.C.A. § 4-21-301, The Tennessee Human Rights Act

36. Plaintiffs repeat, re-allege, and incorporate by reference the factual allegations of paragraphs 1 through 35 of this Complaint as if fully set forth here.

37. Plaintiffs can establish a prima facie case of retaliation under T.C.A. §4-21-301, The Tennessee Human Rights Act, "1) that he engaged in activity protected by the THRA; 2) that the exercise of his protected rights was known to the defendant; 3) that the defendant thereafter took a materially adverse action against him; and 4) there was a causal connection between the protected activity and the materially adverse action." *Lin v. Metro. Gov't of Nashville & Davidson Cty.,* No. M2008-00212-COA-R3-CV, 2008 Tenn. App. LEXIS 609, at 8-9 (Ct. App. Oct. 10, 2008).

38. T.C.A. §4-21-101(a) states that the statute, "(1) Provides for execution within Tennessee of the policies embodied in the federal Civil Rights Acts of 1964, 1968 and 1972, the Pregnancy Amendment of 1978 (42 U.S.C. § 2000e(k)), and the Age Discrimination in Employment Act of 1967" (29 U.S.C. § 621 et seq.); and as such, Plaintiffs incorporate their argument from Count I, as stated.

39. Defendants' proffered reasons for Plaintiffs' termination are pretextual and can be rebutted by the action and words of Mr. Bush by firing the two Plaintiffs, and then connecting their termination directly to the underlying lawsuit.

40. As a result of the intentional retaliatory acts of the Defendants, Plaintiffs have suffered and will continue to suffer grievous harm including, without limitation, monetary damages and damages for mental anguish and humiliation, unless and until this Court grants relief.

## COUNT III
## CONSTRUCTIVE DISCHARGE

41. Plaintiffs can establish the elements to prove constructive discharge, "a plaintiff must adduce evidence to show that (1) the employer deliberately created intolerable working conditions, as perceived by a reasonable person, (2) the employer did so with the intention of forcing the employee to quit, and (3) the employee actually quit." *Savage v. Gee*, 665 F.3d 732, 739 (6th Cir. 2012). The analysis includes an examination of both the employer's intent and the objective feelings of the employee. *Festerman v. Cty. of Wayne,* 611 F. App'x 310, 319 (6th Cir. 2015).

42. In the instant case, a reasonable interpretation of both Plaintiffs' termination is that they can either retire, resign or be fired. There is no room for speculation.

43. As a result of the intentional retaliatory acts of the Defendants, Plaintiffs have suffered and will continue to suffer grievous harm including, without limitation, monetary damages and damages for mental anguish and humiliation, unless and until this Court grants relief.

**WHEREFORE,** Plaintiffs, David Pitts and Randy Burnett, pray that a judgment be rendered in their favor against Defendants in an amount to be determined by a jury at the trial of this matter for compensatory damages; and other damages suffered by, including but not limited

to, damages for pain and suffering, humiliation and embarrassment, back pay, front pay, and lost benefits.

**FURTHER,** Plaintiffs pray for pre-judgment interest, and the cost of this cause together with reasonable attorney fees.

**FURTHER**, Plaintiffs demand a jury of six (6) to try this cause.

**FURTHER**, Plaintiffs request such other, further relief, for which Plaintiffs may be entitled.

s/Frank J. Steiner
Frank J. Steiner BPR# 26920
2200 21st Avenue South, Suite 309
Nashville, Tennessee 37212
(615) 730-6090
franksteiner@franksteinerlaw.com
*Attorney for Plaintiffs*
